## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JASON PEEL,
              Appellant,

       v.

DEPARTMENT OF AGRICULTURE,
              Agency.

DOCKET NUMBER
SF-0752-19-0236-I-2

DATE: February 20, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Morgan Velasquez, Esquire, and Tyler Sroufe, Esquire, Dallas, Texas, for the appellant.

Janet Robinson-Card, and Noreen Joice, Kansas City, Missouri, for the agency.

Patricia McNamee, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's penalty analysis, we AFFIRM the initial decision.

**BACKGROUND**

The following facts, as further detailed in the initial decision, are not disputed. The appellant most recently held the position of Assistant Director. *Peel v. Department of Agriculture*, MSPB Docket No. SF-0752-19-0236-I-1, Initial Appeal File (IAF), Tab 1 at 1; *Peel v. Department of Agriculture*, MSPB Docket No. SF-0752-19-0236-I-2, Appeal File (I-2 AF), Tab 22, Initial Decision (ID) at 1-2. In December 2018, the agency proposed his removal, based on six charges, most of which included multiple specifications. IAF, Tab 9 at 35-44. After the appellant responded, *id*. at 23-34, the deciding official sustained all charges and specifications, along with the proposed removal, *id*. at 18-22.

The appellant filed the instant appeal, challenging his removal. IAF, Tab 1. The administrative judge developed the record and held a hearing. I-2 AF, Tab 15, Hearing Recording, Day 1 (HR1), Tab 17, Hearing Recording, Day 2 (HR2); ID at 2. The administrative judge found that the agency proved five of its six charges but not all the underlying specifications. ID at 3-24. He also found that the appellant failed to prove his affirmative defenses, which included discrimination based on religion, ID at 24-27, sex, ID at 27-29, and disability, ID at 29-34. Finally, the administrative judge found that the agency proved the requisite nexus and reasonableness of its penalty, affirming the removal action. ID at 34-36.

The appellant has filed a timely petition for review. *Peel v. Department of Agriculture*, MSPB Docket No. SF-0752-19-0236-I-2, Petition for Review (PFR) File, Tabs 1-3. In his petition, the appellant disputes the administrative judge's findings regarding the charges, nexus, and penalty. PFR File, Tab 3 at 7-16. He also reasserts each of the affirmative defenses raised below. *Id*. at 16-21. Finally, the appellant argues that the administrative judge erred by allowing the agency to submit some evidence and identify a witness after its deadline for doing so. *Id*. at 21-22. The agency has filed a response. PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge did not abuse his discretion regarding the agency's submission of evidence or requests for witnesses.</u>

Regarding the appellant argument on review that the administrative judge erred by allowing the agency to untimely submit some evidence and identify a witness, PFR File, Tab 3 at 21-22, we are not persuaded.

In his prehearing submissions, the appellant requested one particular witness to testify about parking and key cards. IAF, Tab 19 at 8. The agency objected because that individual left the area years before the events leading to the appellant's removal from his position. IAF, Tab 25 at 4-5. Nevertheless, the administrative judge allowed the witness. *Id*. In response, the agency requested

permission to locate a witness of its own regarding the same matter, and the administrative judge agreed. *Id*. at 5. The administrative judge indicated that the witness must be identified by May 28, 2019. *Id*. After the deadline for doing so, the agency submitted a pleading identifying the witness it located, while also providing some untimely documentary evidence. I-2 AF, Tab 4.

The appellant objected to the agency's untimely identified witness and documentation. I-2 AF, Tab 5 at 4-6. The administrative judge overruled the appellant's objection, noting that the agency's untimeliness was the result of technical difficulties with the Board's e-Appeal system. I-2 AF, Tab 8 at 1-2; HR1 (opening remarks). At the hearing, and over the appellant's objection, the administrative judge also admitted documentation of an agency policy that had been referenced throughout the record but not yet provided in full. HR1 (opening remarks); I-2 AF, Tab 14.

The Board's regulations give the administrative judge wide discretion in these areas. 5 C.F.R. § 1201.41(b)(3), (6), (8), (10); *see, e.g.*, *Rodgers v. Department of the Navy*, 122 M.S.P.R. 559, ¶ 21 (2015) (finding no abuse of discretion where an administrative judge ruled on discovery motions and allowed an appellant to supplement the record at the start of a hearing); *Hooper v. Department of the Interior*, 120 M.S.P.R. 658, ¶¶ 19-20 (2014) (finding no abuse of discretion where an administrative judge permitted an agency witness that the appellant characterized as untimely identified). Although the appellant disagrees with the administrative judge's decision to allow the agency's untimely submissions, we find that the administrative judge did not abuse his discretion.

<u>The administrative judge properly sustained charges 1, 3, 4, 5, and 6.</u>

As mentioned above, the administrative judge sustained five of six charges but not all the underlying specifications.[2] ID at 3-24. Our discussion will focus

---

[2] The charge that the administrative judge did not sustain was charge 2, unauthorized use of a government-owned-vehicle. IAF, Tab 9 at 36-37; ID at 6-8.

on the sustained specifications and charges, along with the appellant's arguments about the same. PFR File, Tab 3 at 7-13.

*Charge 1 – Inappropriate Conduct*

The agency's first charge, inappropriate conduct, included two specifications. IAF, Tab 9 at 36. Generally, one specification alleged that the appellant asked a coworker to sell him her underwear, while the other specification alleged that the appellant propositioned that same coworker for sex during a conference, many months earlier. *Id*. The administrative judge sustained both specifications. ID at 3-6. He credited a sworn written statement from the coworker regarding the first specification and relied on the appellant's admission regarding the second specification. *Id*.; IAF, Tab 9 at 27, Tab 15 at 85-87.

On review, the appellant challenges the administrative judge's findings only regarding specification 1. PFR File, Tab 3 at 8-9. He argues that the administrative judge erred by crediting the written statement of the individual described in specification 1, who did not testify at the hearing, over the appellant's hearing testimony. *Id*. We are not persuaded. The administrative judge made reasoned conclusions, consistent with how the Board considers both hearsay evidence and hearing testimony. ID at 3-6; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (recognizing factors that may be relevant in determining credibility); *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981) (recognizing factors that may be relevant to the weight afforded hearsay evidence).

On review, the appellant did not challenge the administrative judge's findings sustaining the second specification. The agency is required to prove only the essence of its charge and need not prove each factual specification in support of the charge. *See Diaz v. Department of the Army*, 56 M.S.P.R. 415, 417-420 (1993); *Crawford v. Department of the Treasury*, 56 M.S.P.R. 224,

230-32 (1993); *McIntire v. Federal Emergency Management Agency*, 55 M.S.P.R. 578, 583-84 (1992).

*Charge 3 – Absent Without Leave (AWOL)*

The agency's third charge, AWOL, included 19 specifications. IAF, Tab 9 at 37-39. The administrative judge sustained specifications 1 and 7-10, but not specifications 2-6 or 11-19. ID at 8-12. In doing so, he indicated that the appellant essentially admitted that he was AWOL for the instances described in specifications 1 and 7-10, and the appellant's statements were further supported by evidence that included parking logs and other documentation. ID at 10-11 (citing IAF, Tab 9 at 29, Tab 11 at 7-8, Tab 16 at 52-53, 67, 69-71, 120; I-2 AF, Tab 11 at 8).

On review, the appellant suggests that even if he did not work on the dates and times at issue in the sustained specifications—the dates and times reported on his timesheets—it is possible that he received verbal authorization for the deviation from his regular schedule, and the agency failed to prove otherwise. PFR File, Tab 3 at 9-10. This argument is unavailing. If the appellant had permission to deviate from his usual work schedule, while leaving his time sheet to report that he had worked his usual schedule, it was incumbent upon him to present evidence of the same, but he has not done so.

The appellant also argues that although he admitted he may have worked outside the hours scheduled and recorded on his timesheets for the dates at issue in specifications 1 and 7-10, the only other supportive evidence was parking logs, which were unreliable. PFR File, Tab 3 at 10-11. Again, these arguments are unavailing. The administrative judge acknowledged the reasons why the parking logs were not definitive proof of the appellant's arrival at work. ID at 9-10. However, he found that the parking logs, in concert with the appellant's statements and at least one other piece of evidence—documentation of the appellant having a personal appointment when his timesheet indicated that he was

working—sufficed to prove the sustained specifications.  ID at 9-11.  We discern no basis for concluding otherwise.

*Charge 4 – Conduct Unbecoming*

The agency's fourth charge, conduct unbecoming, included three specifications.  IAF, Tab 9 at 39.  The administrative judge sustained specification 1, but not specifications 2-3. ID at 12-16.  Generally, the sustained specification alleged that the appellant used profanity in the workplace.  IAF, Tab 9 at 39.  The administrative judge sustained the specification based on the appellant's admission and a contemporaneous written statement from the Director.  ID at 12 (citing IAF, Tab 16 at 46-47, Tab 17 at 44).

On review, the appellant does not dispute that he engaged in the conduct described.  Instead, he seems to argue that the agency should have charged him with using profanity rather than conduct unbecoming.  PFR File, Tab 3 at 11.  We disagree.

A charge of "conduct unbecoming" has no specific elements of proof; it is established by proving that the employee committed the acts alleged in support of the broad label.  *Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010).  On numerous occasions, the Board has sustained conduct unbecoming charges that were based on language the agency found unacceptable.  *E.g.*, *Cheng v. Department of Agriculture*, 84 M.S.P.R. 144, ¶¶ 1, 4 (1999); *Sublette v. Department of the Army*, 68 M.S.P.R. 82, 84-85 (1995).  Although the agency could have chosen a different label for its charge, it was under no obligation to do so.

*Charge 5 – Failure to Follow Policy*

The agency's fifth charge, failure to follow policy, included two specifications.  IAF, Tab 9 at 39-40.  The administrative judge sustained specification 1, but not specification 2.  ID at 16-21.  The sustained specification generally alleged that the appellant allowed an employee to use 64 hours of sick

leave under the Family Medical Leave Act (FMLA) without maintaining the required documentation for doing so. IAF, Tab 9 at 39. In doing so, he relied on the agency's policy about documenting FMLA leave, leave records, and the appellant's admission that he allowed a subordinate to take FMLA leave without maintaining associated documentation. ID at 17-18; *compare* I-2 AF, Tab 14 at 12-13 (agency's FMLA policy), *with* IAF, Tab 9 at 30 (appellant's admission), Tab 17 at 66-70 (subordinate's leave records).

In his petition, the appellant made no particularized argument about charge 5. Given the appellant's admission, and the absence of any specific argument, we agree with the administrative judge's conclusion that the agency proved charge 5, specification 1.

*Charge 6 – Lack of Candor*

According to the agency's sixth and final charge, lack of candor, the appellant gave a sworn statement in which he erroneously stated that members of the agency's leadership team, such as himself, did not have to request leave for absences of a few hours. IAF, Tab 9 at 40. The administrative judge sustained the charge. ID at 21-24. In doing so, he relied on evidence that included the appellant's sworn statement, along with agency policy showing that his statement was erroneous. ID at 22 (citing IAF, Tab 16 at 52-53; I-2 AF, Tab 14 at 2). Although the appellant argued that he misunderstood the agency's policy based on statements made during leadership team meetings, the administrative judge was not persuaded. ID at 22-24.

On review, the appellant reasserts that he believed his statement about the agency's leave policy was accurate. PFR File, Tab 3 at 12-13. The administrative judge did not find the appellant credible in this regard, and we find no reason to conclude otherwise. *See Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016) (recognizing that the Board must give special deference to an administrative judge's credibility findings, whether explicitly or implicitly based on witness demeanor).

The appellant failed to prove his affirmative defenses.

The administrative judge found that the appellant failed to prove any of his affirmative defenses, which included claims of discrimination based on religion, ID at 24-27, sex, ID at 27-29, and disability, ID at 29-34. Regarding his claims of discrimination based on religion and sex, on review the appellant reasserts the same arguments he made below. PFR File, Tab 3 at 16-21. We find that the appellant has failed to present a sufficient basis for us to disturb the administrative judge's findings, which were largely based on the credibility of testifying witnesses. *See Purifoy*, 838 F.3d at 1372-73. Thus, we decline to disturb the administrative judge's finding that the appellant failed to prove his affirmative defenses of religion and sex discrimination.[3]

*Disability discrimination*

The appellant's final affirmative defense was an allegation that the agency's removal action was tainted by disability discrimination stemming from his depression, schizoaffective disorder, and spinal deformity. IAF, Tab 13 at 2. To analyze this claim, the administrative judge considered whether the appellant could prove that he had a disability and, if so, whether he could then prove that his disability was a motivating factor in the agency's removal action. ID at 29-32. He found that the appellant failed to meet this burden. ID at 33-34. According to the administrative judge, the appellant described himself as having the aforementioned impairments, but he presented no medical evidence or other supportive documentation. *Id*. The administrative judge further determined that the appellant presented no evidence that the proposing official, deciding official, or anyone else was motivated by disability discrimination in this removal action. ID at 34.

---

[3] Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that discrimination or retaliation was a "but-for" cause of the agency's decisions. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

On review, the appellant argues that he proved both that he has a disability and that his disability was a motivating factor in his removal. PFR File, Tab 3 at 19-20. Even if we agreed that the appellant established that he has a disability, we would still find that he did not establish the second prong of the defense that the agency was motivated by disability discrimination.

To prove his disability discrimination claim, the appellant's burden includes establishing that he is an individual with a disability by showing that he: (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such impairment; or (3) is regarded as having such an impairment. *Pridgen*, 2022 MSPB 31, ¶ 37 (citing 42 U.S.C. § 12102(1); 29 C.F.R. § 1630.2(g)(1)). The determination of whether a condition is substantially limiting is made by comparing the ability of the allegedly disabled individual to "most people in the general population." *Id*. (citing 29 C.F.R. § 1630.2(j)(1)(ii)). The "substantially limits" standard is not "demanding" and is intended to "be construed broadly in favor of expansive coverage." *Id*. (citing 29 C.F.R. § 1630.2(j)(1)(i)).

Although the appellant did not present any medical evidence regarding his alleged disabilities, he presented testimony about his alleged impairments, and the resulting limitations—testimony for which the administrative judge did not make explicit credibility findings. *Id*.; HR2 (testimony of appellant). There are also several references to these impairments in the documentary record. *See e.g.*, IAF, Tab 9, at 18, 26, 42; Tab 17 at 26.

Even if we found that the evidence discussed above sufficed to establish that the appellant has a disability, the appellant's burden does not end there. He is also required to prove, by preponderant evidence, that his disability was a motivating factor in the agency's removal action. *Pridgen*, 2022 MSPB 31, ¶ 40. Although the appellant argues that the proposing official made inconsistent statements that show that he was motivated by discriminatory animus, *compare*

IAF, Tab 17 at 26, *with* IAF, Tab 19 at 13, we find that the statements are not inconsistent.

The first statement indicates that the proposing official was aware of the appellant's anti-psychotic medication but unaware of the appellant's specific medical conditions. IAF, Tab 17 at 26. The second statement indicates also that the proposing official was not aware of appellant's specific medical conditions. IAF, Tab 19 at 13. More importantly, those statements do not persuade us that the proposing official or anyone else was improperly motivated by the appellant's disability. Even if the proposing official perceived the appellant as having a disability, the appellant has not presented sufficient evidence to demonstrate that the proposing official was motivated by improper animus.

<u>The agency proved the requisite nexus and that removal was a reasonable penalty for the sustained misconduct.</u>

In addition to proving the charged misconduct by preponderant evidence, for an agency to prevail in an adverse action, it must also show a nexus between the sustained misconduct and the efficiency of the service, and that the penalty is within the tolerable limits of reasonableness. *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 18 (2013). An agency may establish nexus by showing that the employee's conduct (1) affected the employee's or his coworkers' job performance, (2) affected management's trust and confidence in the employee's job performance, or (3) interfered with or adversely affected the agency's mission. *Adams v. Department of Labor*, 112 M.S.P.R. 288, ¶ 8 (2009). The administrative judge found that the requisite nexus existed for each of the sustained charges, ID at 34-35, and the appellant has not presented any substantive argument to the contrary, PFR File, Tab 3 at 14. Instead, the appellant summarily disagrees, without explanation. *Id*. We find no reason to disturb the administrative judge's findings on this point. Therefore, we turn to the penalty.

When some but not all charges are sustained, the Board will consider carefully whether the sustained charges merited the penalty imposed by the agency. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 308 (1981). The Board may mitigate the agency's penalty to the maximum reasonable penalty so long as the agency has not indicated either in its final decision or in proceedings before the Board that it desires for a lesser penalty to be imposed if fewer than all of the charges are sustained. *Lachance v. Devall*, 178 F.3d 1246, 1260 (Fed. Cir. 1999). In *Douglas*, the Board provided a nonexhaustive list of factors that may be relevant in considering the appropriateness of a penalty. *Douglas*, 5 M.S.P.R. at 305-06. Some of those factors include the nature and seriousness of the offense, an employee's job level, his past work record, and any mitigating circumstances, such as unusual job tensions. *Id*. at 305.

The administrative judge relied on this standard and found that removal was both reasonable and consistent with the agency's table of penalties. ID at 35-36. He acknowledged that the appellant had no prior discipline. ID at 35. However, he found that outweighed by the seriousness of the appellant's misconduct, particularly charges 1 and 3, and the fact that the appellant held a supervisory position. ID at 36.

On review, the appellant suggests that the administrative judge's penalty analysis was incomplete. PFR File, Tab 3 at 13-16. He argues that the administrative judge should have but failed to consider his 12 years of "fully successful" or better service, the physical and mental health challenges he faced at the time of his misconduct, the health challenges of his spouse, and the difficulties of his coming out as transgender, both personally and professionally. *Id*. at 14-16. Because the administrative judge did not explicitly address these matters, we supplement the initial decision to do so but find that the result remains the same.

The proposing official acknowledged that the appellant had no past discipline and his performance ratings were fully successful throughout his

12 years of employment with the agency. IAF, Tab 9 at 40-41. The proposing official also recognized that there were mitigating circumstances, including the appellant's "health issues" and "feelings of chronic pain and emotional stress." *Id*. at 42. Then, in the appellant's response, he elaborated about his own health issues, the stressors surrounding his coming out as transgender, and the stressors surrounding the health issues of his spouse. *Id*. at 26-27, 29. The deciding official indicated that he considered all these factors. *Id*. at 20.

We have also considered these factors, carefully, but we find that removal remains a reasonable penalty for the sustained misconduct. In assessing the reasonableness of a penalty, the Board places primary importance upon the nature and seriousness of the offense and its relation to the appellant's duties, position, and responsibilities, including whether the offense was intentional or was frequently repeated. *Batara v. Department of the Navy*, 123 M.S.P.R. 278, ¶ 8 (2016). Here, the appellant's individual instances of misconduct vary in terms of severity, but some were quite serious, particularly those described in charges 1 and 3. *See Bowman v. Small Business Administration*, 122 M.S.P.R. 217, ¶ 12 (2015) (recognizing that AWOL is a serious offense that warrants a severe penalty); *Batten v. U.S. Postal Service*, 101 M.S.P.R. 222, ¶ 14 (recognizing that removal may be an appropriate penalty for inappropriate sexual comments), *aff'd,* 208 F. App'x (Fed. Cir. 2006). His misconduct was also somewhat frequent, rather than an isolated incident. In addition, the appellant has accepted responsibility for only some of the sustained misconduct. *E.g.*, IAF, Tab 9 at 26-31. Finally, the appellant occupied a supervisory position and may therefore be held to a higher standard because supervisors occupy positions of trust and responsibility. *Edwards v. U.S. Postal Service*, 116 M.S.P.R. 173, ¶ 14 (2010); IAF, Tab 9 at 40. Under these circumstances, we find that removal remains appropriate, despite the agency's failure to prove all its charges and specifications, and despite those *Douglas* factors that weigh in the appellant's favor.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board has updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.